FILED

2026 MAY 08 02:00 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-15359-1 SEA

## SUPERIOR COURT OF THE STATE OF WASHINGTON

## COUNTY OF KING

| | |
|---|---|
| NICHOLAS G. ANDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EAN HOLDINGS, LLC; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES** |

CLASS ACTION COMPLAINT
Page 1

Plaintiff, Nicholas G. Anderson ("Plaintiff"), by and through the undersigned attorneys, individually and on behalf of all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.      This is a proposed wage-and-hour class action brought under the Washington Industrial Welfare Act ("IWA") and the Washington Minimum Wage Act ("MWA") seeking injunctive relief and damages for Defendants' failure to provide and pay for legally required meal and rest breaks; failure to pay all owed minimum wages and failure to pay all owed overtime wages.

## JURISDICTION & VENUE

2.      This Court has jurisdiction under RCW 2.08.010 because Plaintiff seeks damages in excess of three hundred dollars.

3.      Venue is proper in King County, pursuant to RCW 4.12.025(1)(a)-(c), (3)(b), because Defendants reside in King County, Washington, Defendants transact business in King County, and Defendants employed at least some of the Class Members to work in the State of Washington and King County.

## THE PARTIES

4.      Plaintiff is, and at all relevant times, was an individual domiciled in the State of Washington and a citizen of the State of Washington. Plaintiff worked for Defendants as an automotive detailer and/or a similar job title/position from approximately November 2021 through June 2025.

5.      Defendant, EAN HOLDINGS, LLC ("Defendants" or "Enterprise"), is a Delaware company doing business in the State of Washington. Defendants own, operate, manage, and/or staff employees to work at various motor vehicle rental and transportation locations in Washington State. Defendants operate a comprehensive vehicle rental business. Defendants operate business under various trade names, including but not limited to, "Enterprise Rent-A-Car," "Enterprise Rent-A-Truck," "Enterprise Car Sales," "Alamo Rent-A-Car," and "National Car Rental." Through

CLASS ACTION COMPLAINT
Page 2

their business operations, Defendants transact substantial business and maintain active vehicle rental locations within King County, including but not limited to facilities in Seattle, Kent, Federal Way, Renton, Shoreline, Auburn, Kirkland, and Bothell. Defendants also operate specific locations in cities in Washington outside of King County, including the Pasco location where Plaintiff was assigned to work, as well as locations in Spokane, Tacoma, Gig Harbor, Everett, Vancouver, Kennewick, Bremerton, Lynnwood, Marysville, Olympia, and numerous other locations in cities throughout Washington.

6.      Additional individuals, known to Defendant Enterprise but not yet identified by Plaintiff (and identified herein as Does 1-20) manage employees on behalf of Defendant Enterprise and are statutory employers under Washington law because of their managerial role with the company.

## CLASS ALLEGATIONS

7.      Plaintiff brings this action on behalf of Plaintiff, and all others similarly situated as a proposed class action pursuant to CR 23. The Class that Plaintiff seeks to represent is defined as follows:

> Class Members: All current and former hourly-paid employees who
>
> worked for any one or more of the Defendants at any location in
>
> Washington State at any time from three years prior to the filing of
>
> the Complaint through the date of the Court's order certifying the
>
> Class ("Class Period").

8.      Plaintiff reserves the right to amend or modify the class description with greater specificity, by division into further subclasses, or by limitation to particular issues.

9.      There are at least one hundred current and former hourly-paid employees of Defendants in the Class. Given Defendants' systematic failure to comply with Washington wage and hour laws and regulations regarding the payment of missed and/or interrupted rest periods and late, missed, and/or interrupted first meal periods, and the underpayment of wages, the members

CLASS ACTION COMPLAINT
Page 3

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

of the Class are so numerous that joinder of all members is impractical.

10.    Plaintiff's claims are typical of the claims of the Class Members because (1) Plaintiff is a member of the putative class; (2) Plaintiff's claims stem from the same practice or course of conduct that form the basis of the Class claims; (3) All of the Class claims are based on the same facts and legal theories; (4) The injuries that Plaintiff suffered are similar to the injuries that other Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

11.    Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any Class Member. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

12.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and Class Members are the following:

    a.    Whether Defendants violated WAC 296-126-092 by failing to provide statutory meal periods and rest periods, and failing to compensate Plaintiff and Class Members for missed and/or otherwise noncompliant rest periods and late, missed, interrupted and/or otherwise noncompliant meal periods, as well as the lost opportunity to have the respite of a meal and/or rest period;

    b.    Whether Defendants have an official or unofficial policy, custom, pattern, and practice of understaffing their locations and permitting or requiring Plaintiff and Class Members to work through meal and/or rest periods, have interrupted meal and/or rest periods, or have untimely meal and/or rest periods;

    c.    Whether Defendants maintained an adequate system for scheduling

CLASS ACTION COMPLAINT
Page 4

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Plaintiff's and Class Members' rest periods;

d. Whether Defendants maintained an adequate system for ensuring that Plaintiff and Class Members could take timely meal and/or rest periods;

e. Whether Defendants maintained an adequate system to record missed, late, interrupted and/or otherwise noncompliant meal and/or rest periods;

f. Whether Defendants have insufficient record-keeping on a systemic level;

g. Whether Defendants' violations of wage and hour laws were willful and are, therefore, liable for double damages under RCW 49.52.050 and 49.52.070;

h. Whether Defendants violated RCW 49.46.130 by failing to pay Plaintiff and Class Members for overtime wages due at the rate of 1.5 times their regular rate of pay for all hours worked over 40 hours per week, inclusive of hours worked when working through their meal and/or rest breaks and/or for the meal and/or rest periods that were not provided or interrupted;

i. Plaintiff anticipates that Defendants' defenses will also raise common questions of law and fact; and

j. The nature and extent of class-wide damages and the measure of damages for the Class.

13.    Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort, or expense that numerous individuals would

CLASS ACTION COMPLAINT
Page 5

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

otherwise entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.

14.    Defendants' actions are generally applicable to each of the Class Members. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendants.

15.    Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## FACTUAL BACKGROUND

16.    During the Class Period, Plaintiff and each of the Class Members worked for Defendants in the State of Washington.

17.    Defendants assigned Plaintiff to work at one of Defendants' locations in Pasco, Washington.

18.    Throughout Plaintiff's employment, Plaintiff typically worked shifts lasting at least approximately eight (8) hours long, at least five (5) days per week. At times, Plaintiff worked more than forty (40) hours in a workweek.

19.    Defendants compensated Plaintiff with a base hourly rate for time counted by Defendants as hours worked.  At times, Plaintiff was compensated with a base hourly rate of approximately $19.60 per hour. At times, Plaintiff was also compensated with non-discretionary compensation (e.g., bonus/incentive pay and/or other non-discretionary pay).

### Meal and Rest Period Violations

20.    Washington law demands that employees be allowed a meal period of at least thirty

CLASS ACTION COMPLAINT
Page 6

minutes that starts no less than two hours nor more than five (5) hours from the beginning of the shift and prohibits any employee from being required to work more than five (5) consecutive hours without or between meal periods. Washington law also requires a ten (10)-minute rest break every four hours. WAC 296-126-092(1)–(4).

21.    Defendants did not always provide compliant meal and rest periods for employees in Washington State. Once or twice per week, hourly employees, including Plaintiff, worked through required breaks, were forced to take them late, or were not given them at all.

22.    For example, once or twice per week, Plaintiff was required to take his meal period after working more than five (5) hours due to the need to continue completing assigned job duties. Once or twice per week, Plaintiff and other Class Members were instructed to continue working past the fifth hour of work, resulting in late meal periods, in violation of Washington law.

23.    Plaintiff and Class Members were also sometimes required to work during meal breaks. For example, at times, Plaintiff was required to miss his meal period and/or work during his meal period once or twice per month.

24.    Based on information and belief, Plaintiff was denied a compliant meal period once or twice per week during workweeks in including but not limited to the following pay periods: pay period beginning on October 22, 2023; pay period beginning on February 25, 2024; and pay period beginning on June 30, 2024.

25.    When Plaintiff worked three (3) or more hours beyond Plaintiff's normal workday, Plaintiff did not receive a second meal period.

26.    Defendants did not compensate Plaintiff and Class Members with an additional thirty (30) minutes of work time for all instances in which they were not provided required, timely thirty (30)-minute uninterrupted meal periods.

27.    Plaintiff and other Class Members were also at times denied required rest periods because they were required to work through part or all of their rest periods, take late rest periods or take rest periods that were shorter than ten (10) minutes long. For example, once or twice per

CLASS ACTION COMPLAINT
Page 7

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

week, Plaintiff was not provided with an off-duty rest period of at least ten (10) minutes for every four (4) hours worked and/or Plaintiff was required to work more than three (3) consecutive hours without a compliant rest break.

28.    For example, based on information and belief, Plaintiff was denied a compliant rest period once or twice per week during workweeks in including but not limited to the following pay periods: pay period beginning on October 22, 2023; pay period beginning on February 25, 2024; and pay period beginning on June 30, 2024.

29.    Defendants failed to compensate Plaintiff and Class Members for each missed or otherwise legally noncompliant rest period.  For example, Defendants' pay records for Plaintiff do not show the payment of any compensation for any missed or otherwise legally noncompliant meal or rest period.

30.    Defendants maintained no formal or reliable system for scheduling, tracking, or ensuring compliant rest periods.

31.    Defendants had no policy or practice to accurately schedule meal or rest periods, to allow Plaintiff and Class Members to record their missed or otherwise noncompliant meal and rest periods, or to compensate for missed rest and meal breaks.

32.    Defendants' violations were willful and not a result of inadvertence or carelessness.

33.    There was no bona fide dispute regarding the payment of wages.

### Failure to Pay Minimum and Overtime Wages

34.    Defendants engaged in a common course of failing to provide Plaintiff and Class Members with ten (10) minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break, resulting in the deprivation of wages owed, in violation of Washington law, including but not limited to, the MWA.

35.    Based on information and belief, at times, Defendants required Plaintiff and other Class Members to complete work tasks prior to clocking in for the start of shifts, after clocking

CLASS ACTION COMPLAINT
Page 8

out for the end of shifts, during unpaid meal periods and/or otherwise outside of scheduled shift times, resulting in Defendants' failure to compensate them for all hours worked and the underpayment of wages owed.

36.    Based on information and belief, Defendants occasionally engaged in unauthorized time editing / timecard manipulation, resulting in Defendants' failure to compensate Plaintiff and other Class Members for all hours worked and the underpayment of wages owed.

37.    As described above, based on information and belief, Defendants required Class Members to complete work tasks during meal periods which were not recorded, resulting in Defendants' failure to compensate them for all hours worked.

38.    Additionally, because of off-the-clock work and the improper timekeeping as to the beginning and end of meal periods, Plaintiff and other Class Members at times worked more than forty hours per week for which they were not paid overtime compensation.

39.    At times, Defendants failed to maintain adequate records of the hours worked and the missed, late and/or interrupted meal periods and rest periods for Plaintiff and other Class Members as required by RCW 49.46.070.

**FIRST CAUSE OF ACTION**
**Failure to Compensate for Noncompliant Meal and Rest Periods**
**RCW 49.12; WAC 296-126-092**
**On Behalf of Plaintiff and Class Members**

40.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

41.    Under *Wingert v. Yellow Freight Sys., Inc.,* 146 Wn.2d 841, 847–51, 50 P.3d 256, 259–61 (2002), RCW 49.12 creates an implied cause of action for unpaid wages, including wages owed under duly promulgated regulations.

42.    WAC 296-126-092(1) requires that employees receive a 30-minute meal period commencing no sooner than the second hour and no later than the fifth hour of the shift, and that no employee may work more than five (5) consecutive hours without a meal period. Meal periods must be on the employer's time if the employee is required to remain on duty or on the premises.

CLASS ACTION COMPLAINT
Page 9

43.     WAC 296-126-092(4) requires that employees receive a 10-minute paid rest break for each four hours of work, scheduled as near as possible to the midpoint of the work period, and prohibits requiring employees to work more than three consecutive hours without a rest break.

44.     "On the employer's time" means rest breaks are compensable. *Wingert*, 146 Wn.2d at 847–51, 50 P.3d at 259–61. Washington courts have further held that employers must pay for missed meal periods, *Pellino v. Brink's Inc.*, 164 Wn. App. 668, 690–93, 267 P.3d 383 (2011), and for missed rest breaks, *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn.2d 507, 523–24, 415 P.3d 224, 230–31 (2018).

45.     Most recently, the Washington Court of Appeals confirmed that the Industrial Welfare Act grants employees not only the right to a 30-minute meal break but also a distinct remedy for its deprivation: "30 minutes of wages is an appropriate measure of damages for such a deprivation." *Androckitis v. Virginia Mason Med. Ctr.*, 32 Wash. App. 2d 418, 430, 556 P.3d 714, 723 (2024), review denied, 4 Wash. 3d 1007, 563 P.3d 448 (2025). Similarly, employees are entitled to unpaid straight or overtime pay—as appropriate depending on the total number of hours—when they do not receive paid rest breaks. *Wash. State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wn.2d 822, 832, 287 P.3d 516, 521 (2012).

46.     Defendants failed to provide Plaintiff and Class Members with all owed rest periods at required times and all owed 30-minute uninterrupted meal breaks no later than the fifth hour of their shifts.

47.     Defendants failed to compensate Plaintiff and Class Members for each missed or otherwise legally noncompliant meal and rest period.

48.     Defendants maintained no policy or practice to ensure actual 30-minute breaks were taken for meals. Based on information and belief, on occasion, Defendants engaged in unauthorized time editing / time shaving and/or deducted at least thirty (30) minutes per shift for meal periods that were less than a full thirty minutes and/or otherwise noncompliant.

49.     As a direct and proximate result of Defendants' violations and their willful intent

CLASS ACTION COMPLAINT
Page 10

to deprive Plaintiff and Class Members of all owed wages for all missed or otherwise noncompliant meal periods and rest periods, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wages
### RCW 49.46, et seq.
### On Behalf of Plaintiff and Class Members

50.    Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

51.    Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("MWA"), RCW 49.46 et seq. If an employer fails to do so, the statute requires payment of the full amount of wages owed at the minimum wage rate, less any amounts already paid.

52.    Defendants failed to pay Plaintiff and Class Members for all hours worked.

53.    Defendants engaged in a common course of failing to provide Plaintiff and Class Members with ten (10) minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break.

54.    Additionally, on occasion, Defendants required Plaintiff and Class Members to complete off-the-clock work tasks, resulting in Defendants' failure to compensate Plaintiff and Class Members for all work time.

55.    Defendants also deprived Plaintiff and other Class Members of earned wages by failing to reimburse for all necessary business expenses and/or by failing to pay and/or properly accrue all owed sick leave/paid time off wages, resulting in the deprivation of wages owed in violation of the MWA.

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

56.   Based on information and belief, at times, Defendants engaged in unauthorized time editing resulting in Defendants' failure to compensate Class Members for all hours worked and the underpayment of wages owed.

57.   As a result of Defendants' unlawful acts, Plaintiff and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46.090, are entitled to recover such amounts, including interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
### Failure to Pay Overtime Wages
### On Behalf of Plaintiff and Class Members

58.   Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

59.   The MWA at RCW 49.46.130 states in pertinent part, "that no employer shall employ any of his or her employees for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he or she is employed."

60.   The MWA entitles employees to "compensation for regular hours worked and for any overtime hours worked." *Stevens v. Brink's Home Sec., Inc.,* 162 Wn.2d 42, 47, 169 P.3d 473, 475 (2007). "Hours worked" is defined as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." *Id.* (citing WAC 296-126-002(8)).

61.   As set forth above, during workweeks in which Plaintiff and Class Members worked more than forty (40) hours, inclusive of both hours worked when working through or during their breaks or for meal and rest periods that were not provided and any additional labor time owed for missed breaks, Defendants violated MWA by failing to pay Plaintiff and the Class Members at the overtime rate of 1.5 times their regular rate of pay for all hours worked in excess of forty (40) in such workweeks. *Wash. State Nurses Ass'n,* 175 Wn.2d at 832.

62.   Based on information and belief, Defendants also failed to always incorporate all

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

non-discretionary compensation into the regular rate of pay for purposes of calculating the owed overtime rates of pay, resulting in the miscalculation of the owed overtime rates and the underpayment of overtime wages owed.

63.     As a direct and proximate result of Defendants' violations and their willful intent to deprive Plaintiff and Class Members of overtime wages owed, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

Wherefore Plaintiff, on behalf of Plaintiff and Class Members, prays for judgment against Defendants as follows:

A. An Order that this action may proceed and be maintained as a class action, and certifying the Class as defined above for the Class period defined above;

B. An award of damages to Plaintiff and Class Members in the amount of their missed and unpaid meal period and rest period wages, and for unpaid overtime wages for hours worked over 40 hours in a week;

C. Exemplary damages in amounts equal to double the wages due to Plaintiff and Members of the Class pursuant to RCW 49.52.070 for any time during the Class Period;

D. Attorneys' fees and costs, as allowed by law, including RCW 49.46.090(1), 49.48.030, and 49.52.070;

E. Prejudgment interest; and

///

///

///

///

///

///

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

F.  All other relief this Court deems proper.

Dated:  May 8, 2026

**CROSNER LEGAL, PC**

By: _____

Brandon Brouillette (WSBA No. 64353)
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
bbrouillette@crosnerlegal.com
Attorneys for Plaintiff,
Nicholas G. Anderson

CLASS ACTION COMPLAINT
Page 14