UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

NICHOLAS G. ANDERSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

EAN HOLDINGS, LLC; and DOES 1-20, inclusive,

Defendant.

Case No. 2:26-cv-02052

**DEFENDANT EAN HOLDINGS, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES**

Defendant EAN Holdings, LLC, ("EAN"), by and through its undersigned counsel, hereby answers Plaintiff Nicholas G. Anderson's Complaint and sets forth its affirmative defenses as follows.

## NATURE OF THE ACTION

1.      Paragraph 1 partly consists of a legal conclusion to which no response is required. EAN denies the factual allegations set forth in Paragraph 1, and to the extent a response to the remaining allegations is required, EAN admits that Plaintiff has asserted claims under various Washington state statutes. Except as specifically admitted, denied.

## JURISDICTION & VENUE

2.      Paragraph 2 consists of a legal conclusion to which no response is required. To the extent a response is required, EAN responds that it properly removed this case to the United States District Court for the Western District of Washington pursuant to the Class Action Fairness Act.

DEF. EAN HOLDINGS, LLC'S ANSWER TO PL.'S
CLASS ACTION COMPLAINT FOR DAMAGES - 1
(Case No. 2:26-cv-02052)

3.    Paragraph 3 consists of a legal conclusion to which no response is required. To the extent a response is required, EAN admits that it does business in King County, Washington and has some employees who work in King County and in Washington state. Except as specifically admitted, denied.

## THE PARTIES

4.    EAN admits, on information and belief, that Plaintiff lived in Washington during his employment at EAN. EAN admits that it employed Plaintiff as an Automotive Detailer and that Plaintiff's dates of employment were approximately November 2020 through June 2025.

5.    EAN admits that it is a Limited Liability Company, whose sole member is Enterprise Holdings, Inc., a Missouri corporation with its principal place of business in Missouri. EAN admits that it operates Enterprise Rent-A-Car, Alamo Rent-A-Car, National Car Rental, Enterprise Car Sales, and Enterprise Truck Rental brands, including locations in Washington state. Except as specifically admitted, denied.

6.    EAN lacks information sufficient to form a belief as to the veracity of the allegations of Paragraph 6 and therefore denies them.

## CLASS ALLEGATIONS

7.    Paragraph 7 consists of legal conclusions to which no response is required. To the extent a response is required, EAN denies the allegations in Paragraph 7, including that class treatment is appropriate or that Plaintiff's proposed class definition is appropriate.

8.    Paragraph 8 consists of legal conclusions to which no response is required. To the extent a response is required, EAN denies the allegations in Paragraph 8, including that class treatment is appropriate.

9.    Paragraph 9 consists of legal conclusions to which no response is required. To the extent a response is required, EAN denies the allegations in Paragraph 9, including that class treatment is appropriate.

10.    Paragraph 10 consists of legal conclusions to which no response is required. To the

DEF. EAN HOLDINGS, LLC'S ANSWER TO PL.'S
CLASS ACTION COMPLAINT FOR DAMAGES - 2
(Case No. 2:26-cv-02052)

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
1201 Third Avenue Suite 5000
Seattle, Washington 98101
+1 206 623 1700

extent a response is required, EAN denies the allegations in Paragraph 10, including that class treatment is appropriate.

11.    Paragraph 11 consists of legal conclusions to which no response is required. To the extent a response is required, EAN lacks information sufficient to form a belief as to the veracity of the allegations of Paragraph 11 and therefore denies them.

12.    Paragraph 12 consists of legal conclusions to which no response is required. To the extent a response is required, EAN denies the allegations in Paragraph 12 and its subparts, including that class treatment is appropriate.

13.    Paragraph 13 consists of legal conclusions to which no response is required. To the extent a response is required, EAN denies the allegations in Paragraph 13, including that class treatment is appropriate.

14.    Paragraph 14 consists of legal conclusions to which no response is required. To the extent a response is required, EAN denies the allegations in Paragraph 14, including that class treatment is appropriate.

15.    Paragraph 15 consists of legal conclusions to which no response is required. To the extent a response is required, EAN denies the allegations in Paragraph 15, including that class treatment is appropriate.

## FACTUAL BACKGROUND

16.    EAN denies that class treatment is appropriate in this case. EAN admits that it has had hourly-paid employees in Washington within the past three years. Except as specifically admitted, denied.

17.    EAN admits that it assigned Plaintiff to work at one of its locations in Pasco, Washington. Except as specifically admitted, denied.

18.    EAN admits that Plaintiff was a full-time employee starting on November 1, 2021, and was typically scheduled for a 40-hour work week consisting of five 8-hour shifts. EAN further admits that at times during his employment, Plaintiff worked more than 40 hours in a work week.

DEF. EAN HOLDINGS, LLC'S ANSWER TO PL.'S
CLASS ACTION COMPLAINT FOR DAMAGES - 3
(Case No. 2:26-cv-02052)

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
1201 Third Avenue Suite 5000
Seattle, Washington 98101
+1 206 623 1700

Except as specifically admitted, denied.

19.    EAN admits that Plaintiff was compensated at $19.60 per hour at times during his employment with EAN. Except as specifically admitted, denied.

**Meal and Rest Period Violations**

20.    Paragraph 20 is comprised of Plaintiff's characterization of WAC 296-126-092(1)-(4). EAN admits that the regulation speaks for itself. EAN denies any characterization of the regulation that is inconsistent with or beyond its specific terms.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

**Failure to Pay Minimum and Overtime Wages**

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

DEF. EAN HOLDINGS, LLC'S ANSWER TO PL.'S
CLASS ACTION COMPLAINT FOR DAMAGES - 4
(Case No. 2:26-cv-02052)

39.     Denied.

**FIRST CAUSE OF ACTION**
**Failure to Compensate for Noncompliant Meal and Rest Periods**
**RCW 49.12; WAC 296-126-092**
**On Behalf of Plaintiff and Class Members**

40.     EAN re-alleges and incorporates by reference its responses set forth in the preceding paragraphs.

41.     Paragraph 41 is comprised of Plaintiff's paraphrase of a rule stated in caselaw and RCW Chapter 49.12. EAN admits that the statute and caselaw speak for themselves. EAN denies any characterization of the statute and caselaw that is inconsistent with or beyond their specific terms.

42.     Paragraph 42 is comprised of Plaintiff's paraphrase of WAC 296-126-092(1). EAN admits that the regulation speaks for itself. EAN denies any characterization of the regulation that is inconsistent with or beyond its specific terms.

43.     Paragraph 43 is comprised of Plaintiff's paraphrase of WAC 296-126-092(4). EAN admits that the regulation speaks for itself. EAN denies any characterization of the regulation that is inconsistent with or beyond its specific terms.

44.     Paragraph 44 is comprised of a quote and paraphrase of caselaw. EAN admits that the caselaw speaks for itself. EAN denies any characterization of the caselaw that is inconsistent with or beyond its specific terms.

45.     Paragraph 45 is comprised of a quote and paraphrase of caselaw. EAN admits that the caselaw speaks for itself. EAN denies any characterization of the caselaw that is inconsistent with or beyond its specific terms.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

DEF. EAN HOLDINGS, LLC'S ANSWER TO PL.'S
CLASS ACTION COMPLAINT FOR DAMAGES - 5
(Case No. 2:26-cv-02052)

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
1201 Third Avenue Suite 5000
Seattle, Washington 98101
+1 206 623 1700

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**RCW 49.46, et seq.**
**On Behalf of Plaintiff and Class Members**

50.    EAN re-alleges and incorporates by reference its responses set forth in the preceding paragraphs.

51.    Paragraph 51 is comprised of Plaintiff's paraphrase of RCW 49.46.090. EAN admits that the statute speaks for itself. EAN denies any characterization of the statute that is inconsistent with or beyond its specific terms.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

**THIRD CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**On Behalf of Plaintiff and Class Members**

58.    EAN re-alleges and incorporates by reference its responses set forth in the preceding paragraphs.

59.    Paragraph 59 is comprised of Plaintiff's paraphrase of RCW 49.46.130. EAN admits that the statute speaks for itself. EAN denies any characterization of the statute that is inconsistent with or beyond its specific terms.

60.    Paragraph 60 is comprised of a quote and paraphrase of caselaw. EAN admits that the caselaw speaks for itself. EAN denies any characterization of the caselaw that is inconsistent with or beyond its specific terms.

61.    Denied.

62.    Denied.

DEF. EAN HOLDINGS, LLC'S ANSWER TO PL.'S
CLASS ACTION COMPLAINT FOR DAMAGES - 6
(Case No. 2:26-cv-02052)

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
1201 Third Avenue Suite 5000
Seattle, Washington 98101
+1 206 623 1700

63.     Denied.

## PRAYER FOR RELIEF

EAN denies that Plaintiff is entitled to any relief whatsoever, whether in law or in equity, and denies any remaining allegations in the Complaint, including all subparts.

## AFFIRMATIVE DEFENSES

By way of further answer to the Complaint, and without admitting any matters previously denied or shifting any burden of proof or persuasion as to any claim or element on which Plaintiff bears the burden, EAN sets forth and alleges the following affirmative defenses:

1.     Plaintiff, on behalf of himself and any putative class member, fails to state a claim upon which relief can be granted against EAN.

2.     Plaintiff's claims and those of the putative class are barred, in whole or in part, by the applicable statutes of limitation.

3.     Plaintiff's claims and those of the putative class are barred, in whole or in part, based on failure to exhaust administrative remedies.

4.     Plaintiff and/or any putative class member sustained no cognizable injury or damages.

5.     Plaintiff and/or any putative class member lack standing to assert their alleged claims against EAN.

6.     Plaintiff's and/or any putative class member's claims are barred and have been waived or released, in whole or in part, by a separation agreement or other release.

7.     Plaintiff's and/or any putative class member's claims are barred, in whole or in part, by waiver, estoppel, laches, acquiescence, bad faith, consent, agreement, offset, payment, ratification, unclean hands, unjust enrichment, and/or other equitable defenses.

8.     Plaintiff's and/or any putative class member's claims are barred in whole or in part because EAN has substantially complied with any and all applicable statutes, regulations, and/or laws.

DEF. EAN HOLDINGS, LLC'S ANSWER TO PL.'S
CLASS ACTION COMPLAINT FOR DAMAGES - 7
(Case No. 2:26-cv-02052)

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
1201 Third Avenue Suite 5000
Seattle, Washington 98101
+1 206 623 1700

9.    EAN properly provided Plaintiff and the putative class members with meal periods, rest breaks, and sick leave in compliance with applicable law.

10.    Plaintiff's and/or any putative class member's claims are barred, in whole or in part, because if any manager or supervisor authorized, required, requested, suffered, or permitted an employee to miss a meal or rest period, such supervisor or manager acted outside the scope of his or her employment with EAN.

11.    Plaintiff and/or putative class members knowingly submitted to any alleged wage and hour violation, including without limitation knowingly submitted to any alleged violation under RCW 49.46 and/or 49.52 *et seq.*, depriving them of the right to recovery under those or other statutes.

12.    Plaintiff lacks standing to assert claims for exemplary (double) damages under RCW 49.52.070 and/or claims for attorneys' fees on behalf of any other person or putative class member.

13.    Plaintiff and the putative class members fail to allege facts supporting punitive, exemplary, or liquidated damages (including but not limited to alleged willfulness).

14.    Plaintiff's claims for violations of RCW 49.52.050, and for exemplary (double) damages under RCW 49.52.070, are barred because EAN did not reach an organizational consensus as to the issue(s) in dispute regarding the obligation to pay the wages sought in this action.

15.    Any act or omission alleged to have given rise to Plaintiff's Complaint was taken in good faith and based on a reasonable belief that EAN was in compliance with all applicable contracts, agreements, state, federal, or local law.

16.    EAN acted reasonably and in reliance upon written administrative regulations, orders, and/or rulings, including but not limited to the Washington State Department of Labor and Industries' Administrative Policy ES.C.6, to assure full compliance with all applicable requirements of Washington law.

DEF. EAN HOLDINGS, LLC'S ANSWER TO PL.'S
CLASS ACTION COMPLAINT FOR DAMAGES - 8
(Case No. 2:26-cv-02052)

17.    To the extent Plaintiff and/or any putative class member can establish a violation, which EAN specifically denies, such violation was not willful on EAN's part.

18.    To the extent Plaintiff and/or any putative class member can establish a violation, which EAN specifically denies, any failure to pay wages was not willful because there was a *bona fide* dispute about whether all or part of the wages were due.

19.    To the extent Plaintiff and/or any putative class member can establish that any additional wages are due, which EAN specifically denies, any nonpayment was not willful because it was the result of inadvertent error.

20.    To the extent Plaintiff and/or any putative class member can establish that any additional wages are due, which EAN specifically denies, any nonpayment was not willful because Plaintiff and/or any putative class member was paid in accordance with their employment agreement.

21.    Plaintiff and/or the putative class members assert a right to compensation for activities that are not compensable under Washington law.

22.    Plaintiff and/or the putative class members assert a right to reimbursement that does not exist under Washington law.

23.    The Complaint and each purported cause of action alleged in the Complaint are barred on the grounds that Plaintiff failed to notify the appropriate management personnel of the allegedly improper conduct, injuries, or conditions which purport to form the basis of the Complaint.

24.    The participation of some or all of the putative class members is barred to the extent that they executed and are subject to one or more waiver.

25.    Plaintiff's claims and/or any putative class member's claims are barred, in whole or in part, by their own actions, omissions, and/or negligence.

26.    Plaintiff's claims and/or any putative class member's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

DEF. EAN HOLDINGS, LLC'S ANSWER TO PL.'S
CLASS ACTION COMPLAINT FOR DAMAGES - 9
(Case No. 2:26-cv-02052)

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
1201 Third Avenue Suite 5000
Seattle, Washington 98101
+1 206 623 1700

27. Plaintiff's claims and/or the claims of some or all of the putative class members may be barred, limited, and/or waived by applicable bankruptcy laws.

28. Any damages awarded to Plaintiff and/or the putative class are subject to reduction for their failure to mitigate.

29. To the extent Plaintiff has suffered any of the alleged injuries, which EAN specifically denies, Plaintiff has an adequate remedy at law for such alleged injuries.

30. Plaintiff is not entitled to an award of prejudgment interest even if Plaintiff prevails on any or all of his claims because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

31. Plaintiff's claims fail to meet the criteria for certifying this action to be maintained as a class action under Federal Rule of Civil Procedure 23 and/or this action is not properly brought as a class action.

32. The class allegations are barred on the ground that if this action is certified as a class action, EAN's rights under the Fifth and Seventh Amendments of the United States Constitution would be violated.

33. Plaintiff's claims are neither common nor typical of any members of the proposed class.

34. Plaintiff is not similarly situated to the members of the putative class he seeks to represent.

35. Plaintiff cannot identify or prove a pattern or practice of unlawful conduct.

36. Plaintiff is an inadequate representative of the proposed class.

37. Plaintiff's interests are in conflict with the interests of the members of the proposed class.

38. Plaintiff cannot show class treatment of the alleged claims is superior to other methods of adjudicating the controversy.

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
1201 Third Avenue Suite 5000
Seattle, Washington  98101
+1 206 623 1700

39. Individual issues predominate over issues generally applicable to the putative class, including because consideration of the employment circumstances of Plaintiff and each putative class member requires an individual fact-specific inquiry into the actual day-to-day experiences of each individual.

40. Plaintiff and/or the putative class members voluntarily waived their meal periods.

41. Plaintiff and/or the putative class members received intermittent rest breaks during their shifts totaling at least 10 minutes over a 4-hour period.

42. Pending further investigation, Plaintiff and/or members of the putative class had the opportunity to review their personnel files and did not petition for corrections pursuant to RCW 49.12.250.

43. Pending further investigation, Plaintiff and/or the putative class have no cognizable damages with respect to sick leave because EAN is not required to provide financial or other reimbursement for accrued and unused paid sick leave upon any employee's termination, resignation, retirement, or other separation from employment pursuant to RCW 49.46.210(1)(k).

44. EAN has paid all sums legally due to Plaintiff and/or the putative class.

45. Any deductions from Plaintiff's wages and/or those of the putative class were required or authorized by federal or state law and/or pursuant to authorization from the Plaintiff and/or putative class accruing to their benefit.

46. The Complaint and each purported cause of action alleged therein are barred in whole or in part because Plaintiff and/or the putative class members' damages, if any, were caused by third parties acting outside the scope of agency, employment, or control of EAN.

47. EAN's affirmative defenses set forth herein are likewise asserted as defenses to the claims of any and all members of any class that may be certified in this action.

EAN reserves the right to amend its Answer if additional affirmative defenses become apparent during the course of the litigation.

DEF. EAN HOLDINGS, LLC'S ANSWER TO PL.'S
CLASS ACTION COMPLAINT FOR DAMAGES - 11
(Case No. 2:26-cv-02052)

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, and having asserted its defenses against Plaintiff, EAN prays for the following relief:

1.     That Plaintiff take nothing by way of the Complaint;

2.     That Plaintiff's Complaint be dismissed in its entirety with prejudice and without costs or fees to Plaintiff of any kind;

3.     That Defendant EAN be awarded its reasonable expenses incurred in defending this action, including its costs and reasonable attorneys' fees as provided by applicable laws; and

4.     That Defendant EAN be granted such other and further relief as the Court may deem just and equitable.

DATED this 18th day of June, 2026.

By: *s/ Farron Curry*
Farron D. Curry, WSBA #40559
Jennifer L. Campbell, WSBA #31703
Elisabeth F.M. Read, WSBA #59762
BRYAN CAVE LEIGHTON PAISNER LLP
1201 Third Avenue, Suite 5000
Seattle, WA 98101
Tel: 206-600-6650
farron.curry@bclplaw.com
jenn.campbell@bclplaw.com
elisabeth.read@bclplaw.com

*Attorneys For Defendant EAN Holdings, LLC*

DEF. EAN HOLDINGS, LLC'S ANSWER TO PL.'S
CLASS ACTION COMPLAINT FOR DAMAGES - 12
(Case No. 2:26-cv-02052)

BRYAN CAVE LEIGHTON PAISNER LLP
Attorneys at Law
1201 Third Avenue Suite 5000
Seattle, Washington  98101
+1 206 623 1700